1  Daniel R. Shaw (SB No. 281387)
   daniel@snydershaw.com
2  Julia H. Baker (SB No. 340457)
   julia@snydershaw.com
3  Snyder & Shaw LLP
4  3196 S. Higuera Street, Suite E
   San Luis Obispo, CA 93401
5  Telephone: (805) 439-4646
   Facsimile: (805) 301-8030
6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10                       **SAN FRANCISCO DIVISION**

11

12  R.H., a minor, by and through his guardian ad      CASE NO.: ~~TBD~~ 1:25-cv-00826-RMI
    litem Chris Hatton,
13
              Plaintiff,                               **[PROPOSED]** **ORDER APPOINTING**
14                                                     **GUARDIAN AD LITEM**
        v.
15
    Coastal Grove Charter School,
16
              Defendant.
17

18

19       On January 10, 2025, Chris Hatton, as proposed guardian ad litem of R.H., a minor child,

20  and Defendant Coastal Grove Charter School ("the Charter"), filed a Joint Petition for Approval

21  of Minor's Compromise.  The same day, Plaintiff R.H. filed a motion to appoint his mother, Tera

22  Palmer, as guardian ad litem.

23       "To maintain a suit in a federal court, a child or mental incompetent must be represented

24  by a competent adult." *Doe ex rel. Sisco v. Weed Union Elementary School Dist*., 2:13-cv-

25  01145, 2013 WL 2666024 at *1 (E.D. Cal. June 12, 2013) (citation omitted).  Rule 17(c) governs

26  the appearance of minors and incompetent person in federal court.  Rule 17(c)(1) prescribes:

27  "The following representative may sue or defend of behalf of a minor or incompetent person: (A)

28  a general guardian; (B) a committee; (C) a conservator; or (D) a like fiduciary."  Rule 17(c)(2)

1  states that, "[a] minor or an incompetent person who does not have a duly appointed
2  representative may sue by a next friend or by a guardian ad litem. The court must appoint a
3  guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person
4  who is unrepresented in an action."

5  A court has broad discretion in ruling on a *guardian ad litem* application. *Basque v. Cty.*
6  *of Placer*, 2017 U.S. Dist. LEXIS 117290 at *2 (E.D. Cal. July 26, 2017). In general, a parent is
7  presumed to act in his or her child's best interest. *See Parham v. J.R.*, 442 U.S. 584, 604 (U.S.
8  1979) (noting general presumption that parents are presumed to act in the child's best interest).
9  Upon review, the Court finds Plaintiff R.H.'s motion to appoint Chris Hatton as his *guardian ad*
10 *litem* should be granted. Mr. Hatton, as Plaintiff R.H.'s father, is presumed to act in his best
11 interests, and there is nothing before the Court to undermine that presumption here.

12 Accordingly, **IT IS ORDERED** that:
13 1. Plaintiff R.H.'s "Petition for Guardian ad Litem" is GRANTED; and
14 2. Chris Hatton is hereby appointed as Plaintiff R.H.'s guardian ad litem.

17 Dated: January 31, 2025

UNITED STATES ~~DISTRICT~~ JUDGE
Magistrate

Case No.: ~~TBD~~ 1:25-cv-00826-RMI

Page 2