Daniel R. Shaw (SB No. 281387)
daniel@snydershaw.com
Julia H. Baker (SB No. 340457)
julia@snydershaw.com
Snyder & Shaw LLP
3196 S. Higuera Street, Suite E
San Luis Obispo, CA 93401
Telephone: (805) 439-4646
Facsimile: (805) 301-8030

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| R.H., a minor, by and through his guardian ad litem Tera Palmer,<br><br>Plaintiff,<br><br>v.<br><br>Coastal Grove Charter School,<br><br>Defendant. | CASE NO.: ~~TBD~~ 1:25-cv-00826-RMI<br><br>**[PROPOSED]** ORDER APPOINTING GUARDIAN AD LITEM |

On January 10, 2025, Tera Palmer, as proposed guardian ad litem of R.H., a minor child, and Defendant Coastal Grove Charter School ("the Charter"), filed a Joint Petition for Approval of Minor's Compromise. The same day, Plaintiff R.H. filed a motion to appoint his father, Chris Hatton, as guardian ad litem.

"To maintain a suit in a federal court, a child or mental incompetent must be represented by a competent adult." *Doe ex rel. Sisco v. Weed Union Elementary School Dist.*, 2:13-cv-01145, 2013 WL 2666024 at *1 (E.D. Cal. June 12, 2013) (citation omitted). Rule 17(c) governs the appearance of minors and incompetent person in federal court. Rule 17(c)(1) prescribes: "The following representative may sue or defend of behalf of a minor or incompetent person: (A) a general guardian; (B) a committee; (C) a conservator; or (D) a like fiduciary." Rule 17(c)(2)

states that, "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."

A court has broad discretion in ruling on a *guardian ad litem* application. *Basque v. Cty. of Placer*, 2017 U.S. Dist. LEXIS 117290 at *2 (E.D. Cal. July 26, 2017). In general, a parent is presumed to act in his or her child's best interest. *See Parham v. J.R.*, 442 U.S. 584, 604 (U.S. 1979) (noting general presumption that parents are presumed to act in the child's best interest). Upon review, the Court finds Plaintiff R.H.'s motion to appoint ~~Chris Hatton~~ Tera Palmer as his *guardian ad litem* should be granted. ~~Mr. Hatton~~ Ms. Palmer, as Plaintiff R.H.'s ~~father~~ mother, is presumed to act in his best interests, and there is nothing before the Court to undermine that presumption here.

Accordingly, **IT IS ORDERED** that:

1. Plaintiff R.H.'s "Petition for Guardian ad Litem" is GRANTED; and

2. Tera Palmer is hereby appointed as Plaintiff R.H.'s guardian ad litem.


Dated: January 31, 2025

_____
UNITED STATES ~~DISTRICT~~ JUDGE
Magistrate